JOHN SARGENT, JR. *versus* INHABITANTS OF HAMPDEN.

Consent of parties cannot confer upon this Court the power to receive and accept an award of referees, made under a submission entered into before a justice of the peace.

AWARD OF REFEREES. The parties entered into a submission to referees before a justice of the peace, according to Rev. Stat. ch. 138, and agreed in writing, " that the report of the referees shall be made to the Supreme Judicial Court, instead of the District Court, as named in the rule" of submission.

The award, (which was in favor of the plaintiff,) was presented to, and accepted by the Supreme Judicial Court, WHITMAN C. J. presiding. The defendants excepted.

*Robinson & Knowles,* for plaintiff.
*Hamlin & J. & M. L. Appleton,* for defendants.

WELLS J. — This was a report of referees, under a submission before a justice of the peace. By an agreement of the parties, it was made returnable to this Court, instead of the District Court.

The jurisdiction of our courts is limited and prescribed by the Legislature, whose enactments are the only guide, in the exercise of judicial power.

By the law of 1821, c. 78, reports of referees were required to be returned to the then existing Court of Common Pleas.

The present District Court took the same jurisdiction, with some modifications. The question presented in this case is, whether the Rev. Stat., c. 138, authorizes the return of a report of referees to this Court. No court is mentioned by name, in c. 138, except in the § 2 and § 13. In the § 2, it is provided, that the report " being made within one year from this day to the *District Court*," &c.

The sixth section authorizes the parties to agree upon the *time*, when the report may be made, without being confined to one year.

By § 7 the report is required to be delivered by one of the referees " to the court, to which it is to be returned, according to the agreement," or to " be sealed up and transmitted to such court." The District Court, having been previously mentioned, as the one, to which the report should be returned, must be understood to be the court, to which reference is made, in § 7. The parties were at liberty to enter into an agreement as to the *time*, within which the report should be made, without being confined to a year ; it might be more or less than a year, and the form of the agreement could be varied to meet this change.

By § 8 " the same authority" is conferred upon the referees, " as those appointed *by a rule of said court*." The District Court, being the only one previously mentioned by name, " said court," in the ordinary use of language, must refer to it.

By § 12, " the report may be made *to any court*, held within the time limited in the submission, provided that the parties or their attorneys shall sign an agreement to that effect, naming *the court*, which agreement shall be annexed by the referees to their report."

Whatever is done under § 6 is to be incorporated, into the submission, varying from the form, as to the length of time, in which the report should be made.

But by virtue of § 12, the specific court, or in more precise language, *the term* of the court, at which the report is to be made, can be fixed by the parties. By these two sections, power is given to limit the time, within which the report shall be

made, and to designate the term, to which it shall be returned, after it has been made. The report might in fact be made, before the limited time had expired, but not be returned to court until near the end of it. The parties may prevent such delay, by the agreement authorized in § 12, and the referees are bound to annex it to their report.

The parties can point out the *term* of the Court, to which it shall be returned, whatever portion of the time, specified in the submission, may have elapsed. Had the Legislature intended to allow reports of referees, made under this statute, to be returned to the District Court, or to this Court, at the option of parties, it would appear necessary, that a fuller and more perfect manifestation of its intention, should have been expressed. There would have been the same propriety of providing, in the form of the submission, for a return to this Court, as to the District Court, and that the authority of the referees should be the same, as those appointed by a rule of either Court, and that a mode of saving questions of law, in this Court, should have been specified in the same statute.

It would be enlarging the jurisdiction of this Court, by implication, upon vague and unsatisfactory reasons, to give a construction to the expression " the report may be made to any court," so as to embrace this Court, which has never heretofore entertained any such jurisdiction.

This class of cases more properly appertains to the District Court, and has a closer analogy to its other business, than it does to that of the Supreme Court, which, in relation to causes of a small amount, is appellate, in its character. There are constantly arising a great many matters of controversy, which are submitted to referees, and although the amount, in dispute, may be small, yet it is necessary they should be decided, and most of the questions growing out of awards, can be very easily settled in the District Court. Those of a graver and more intricate nature, requiring time for examination, can be brought to this Court, upon exceptions, for which the most ample provision is made.

We must look to the whole statute to ascertain its meaning,

and particular expressions must yield to its general bearing and purpose.

Ordinarily, new modes of practice are not introduced, without some positive, clear and affirmative declarations. If a new provision is to be made as to the Court, to which reports of referees are to be returned, changing a long established and ancient practice, one would suppose, that the new tribunal, to which parties were to repair, would be, at least, mentioned and its name given.

But it is contended, that the decision of the presiding Justice, who ordered the award to be accepted, is final and conclusive, because, as is alleged, there is no provision, for excepting to such decision, by a Justice of this Court. If such is the law, it affords another reason for the construction, which we believe should be given to this statute. The act of 1845, c. 168, is in addition to c. 138, relative to exceptions, and the former with § 13 of the latter, makes provision for a revision of any opinion of the District Court, "in accepting, rejecting or recommitting" a report of referees, but is silent concerning the decision of one Justice, in this Court. Whether a right to except, in this Court, is given by c. 96, § 17, it is not now necessary to determine.

The exceptions were allowed, and the whole case is before us, and if we are satisfied, that this Court, has no jurisdiction over the subject, but that the Legislature has confided it to another tribunal, we surely ought not to put the defendants to the trouble of suing out a writ of error.

The law must have its course, however much we may regret its effect, in particular cases.

The exceptions must be sustained, and the report of the referees dismissed.